## Fabrizio v. Fabrizio

*Joseph Alessandroni*, for libellant.
*Vincent Panati*, for respondent.

FLOOD, J., June 23, 1948.—The exceptions to the master's report must be sustained. Libellant's evidence is not sufficient to establish his case in the clear and convincing fashion required before a divorce decree can be granted.

The evidence as to the indignities was clearly insufficient and the master so found. Libellant did not charge desertion originally, but amended his libel

after a good deal of testimony was taken to so charge. It is obvious that the evidence cannot sustain this charge.

Libellant left his wife and it is therefore incumbent upon him to show that he had a proper place for her to live together with him and that he requested his wife to join him at that place before her refusal to follow him can constitute desertion. He had no such place. His unsupported testimony is that he had located such a place and wrote his wife a letter asking her to join him in the place which he had located. There was no evidence that he had actually rented such a place or even that he had made a contract to lease it conditionally or otherwise.

Moreover, there is very serious doubt whether he should be believed even to the extent of the statement made by him. He said the letter he sent to his wife requesting her to join him was a registered letter. He could not produce a registry receipt for it. His wife denied receiving it. Moreover, she produced a registered letter sent to her less than three weeks after the separation which read quite differently, and demanded that the furniture used by the parties be turned over to libellant since he was paying for it. Certainly when this letter was written, so soon after the separation, there is no indication that libellant wished his wife to return. His commencement of a divorce suit against her for indignities seven months after the separation indicates likewise that he was not keeping the door open for the two-year period as he should have if he wishes a decree based upon her desertion.

The financial situation of the parties likewise indicates that he was in no position to support a separate home for her. When he said he had "located a place" he was making only $30 per week and his obligations with regard to the wedding ring and the furniture were so great that it seems most unlikely that he would

be able to supply both the rental and the money for food, and also keep up these obligations, if respondent were to give up her job as he wanted her to do.

There is little or no corroboration for this important testimony of libellant and therefore we think he has fallen very far short of establishing his case in desertion. Respondent has denied what would have been within her knowledge. But even if we were to agree with the master as to the weakness in the defense testimony, a decree could not be granted under these circumstances.

The exceptions to the master's report are sustained and the bill is dismissed.